**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000129**
**15-NOV-2012**
**09:46 AM**

NO. CAAP-10-0000129

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICHARD S. TAGUCHI, Plaintiff-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HEALTH,
HAWAI'I STATE HOSPITAL; CURTIS FUJIMOTO in his
official capacity and individual capacity;
JOHN DOES 1-10; DOE ENTITLES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CV. NO. 08-1-2390 RAT)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

Plaintiff-Appellant Richard S. Taguchi (Taguchi) appeals from the Judgment filed on October 29, 2010, in the Circuit Court of the First Circuit (Circuit Court).[1] Taguchi filed a complaint against his employer, Defendant-Appellee State of Hawai'i, Department of Health, Hawai'i State Hospital (State) and his supervisor, Defendant-Appellee Curtis Fujimoto (Fujimoto), in his individual and official capacities (collectively, "Defendants"). Taguchi alleged claims against Defendants: (1) under the Hawai'i Whistleblowers Protection Act HWPA), Hawaii Revised Statutes (HRS) § 378-62 (Supp. 2011)[2]

---

[1] The Honorable Rom A. Trader presided.

[2] The HWPA is codified at HRS §§ 378-61 through 378-69. HRS § 378-62 provides:

> **§378-62 Discharge of, threats to, or discrimination against employee for reporting violations of law.** An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

(Count I); and (2) for intentional infliction of emotional distress (Count II).

The Circuit Court approved the parties' stipulation to dismiss with prejudice Count I against Fujimoto in his official capacity and Count II against the State, and the Circuit Court granted, in part, Defendants' motion for judgement on the pleadings and dismissed Count I against Fujimoto in his individual capacity and Count II against all Defendants. The State thereafter filed a motion for summary judgment on the remaining claim, the Count I HWPA claim against the State. The Circuit Court granted the State's motion for summary judgment.

On appeal, the sole point of error raised by Taguchi is that the Circuit Court erred in granting summary judgment with respect to his claim in Count I that the State violated the HWPA. As set forth below, we conclude that the Circuit Court erred in granting summary judgment in favor of the State on this claim. We vacate the Judgment to the extent that it entered judgment in favor of the State on Taguchi's HWPA claim in Count I. We affirm the reminder of the Judgment, which was not challenged by Taguchi on appeal, that entered judgment in favor of Fujimoto in both his individual and official capacities on all counts in the complaint and in favor of the State on Count II.

---

(1) The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:

(A) A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States; or

(B) A contract executed by the State, a political subdivision of the State, or the United States,

unless the employee knows that the report is false; or

(2) An employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

I.

We review a grant of summary judgment de novo. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (block quote format and citation omitted). We must view the evidence in the light most favorable to the non-moving party. Id.

Taguchi and the State agree that to establish a prima facie case of an HWPA violation, a plaintiff must show that: (1) the plaintiff engaged in activity protected by the HWPA; (2) the plaintiff was thereafter subjected to adverse employment action; and (3) a causal connection exists between the two. See Crosby v. State Dep't of Budget & Fin., 76 Hawai'i 332, 341-42, 876 P.2d 1300, 1309-10 (1994). We conclude that when viewed in the light most favorable to Taguchi, he presented sufficient evidence to establish a prima facie case.

The Circuit Court's primary basis for granting summary judgment in favor of the State was Taguchi's purported failure to show a causal connection between the alleged protected activity and adverse employment action. With respect to this causation element, the plaintiff's engagement in protected conduct must be a "substantial or motivating factor" for the adverse employment action. Id. at 342, 876 P.2d at 1310. Taguchi presented evidence that after he engaged in protected activity, he was subjected to a pattern of retaliatory adverse employment actions by his supervisor. Although many of the alleged adverse actions occurred outside the applicable statute of limitations, they were relevant to establishing the requisite causal connection by showing a continuing pattern linking the alleged adverse actions taken outside the limitations period with those taken within the limitations period.

3

The State presented legitimate non-retaliatory reasons for the employment actions taken against Taguchi, which if unrebutted would have served to break the causal connection. See id. However, Taguchi presented evidence that the State's non-retaliatory reasons were pretextual. In opposition to the State's motion for summary judgment, Taguchi submitted a declaration in which he asserted that on January 8, 2008, he approached Fujimoto and attempted to resolve their past differences by forgiving Fujimoto. Taguchi stated that Fujimoto responded by saying that Fujimoto was never going to forgive Taguchi for Taguchi's report of misconduct by Fujimoto, because Taguchi refused to admit that Taguchi made witnesses lie about what had happened. This interaction, when viewed in the light most favorable to Taguchi, created a genuine issue of material fact concerning whether the State's non-retaliatory reasons for its employment actions against Taguchi were pretextual. We conclude that the Circuit Court erred in granting summary judgment against the State as to Count I of the complaint.

II.

We vacate the Circuit Court's Judgment to the extent that it entered judgment in favor of the State on Count I of the complaint. We affirm the Judgment in all other respects. We remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, November 15, 2012.

On the briefs:

Venetia K. Carpenter-Asui
for Plaintiff-Appellant

James E. Halvorson
Nelson Y. Nabeta
Deputy Attorneys General
Department of the Attorney General
State of Hawai'i
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

4